# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, Plaintiff,<br><br>v.<br><br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC; ALEXANDER SEAWRIGHT, LLC; BRENT ALEXANDER; JON SEAWRIGHT, Defendants. | Case No. No. 3:18-cv-866-CWR-FKB<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br><br>[In re Consolidated Cases: *Mills v. Baker Donelson, et al*. 3:18-cv-866-CWR-FKB; *Mills v. BankPlus, et al*. 3:19-cv-196-CWR-FKB; *Mills v. The UPS Store, Inc., et al*. 3:19-cv-364-CWR-FKB; *Mills v. Trustmark, et al*. 3:19-cv-941-CWR-FKB] |

## ORDER IDENTIFYING DEFENSE LIAISON COUNSEL

1. On October 18, 2021, the Court held a status conference regarding, *inter alia*, the Court's Order consolidating the above-captioned cases. At that conference, the Court directed the parties to meet and confer to prepare a discovery plan while the cases are stayed. Counsel for the Receiver asked that defense liaison counsel be named to be a point of contact for the Receiver's counsel, for purposes of preparing the discovery plan, and the Court expressed approval of that request. To that end, all Defendants[1] in the consolidated cases have conferred and named two

---

[1] "Defendants" includes only those parties against whom the Receiver is currently and actively litigating claims in the consolidated cases. At such time as any defendant settles its/his/her claims with the Receiver and/or is dismissed from the consolidated cases, or in the event that any case is un-consolidated from the present group of consolidated cases, Defense Liaison Counsel shall, at that time, cease to be a point of contact between the Receiver and counsel for that defendant. Further, that defendant shall no longer be part of the active defendant group and thus

1

attorneys to serve as defense liaisons for purposes of preparing the joint discovery plan required by the Court. The Court acknowledges that Defendants have identified William Ray, counsel for Trustmark National Bank, and Kaytie Pickett, counsel for BankPlus, as Defendants' chosen Defense Liaison Counsel. This Order sets forth the Court's expectations and understanding of the role of Defense Liaison Counsel, and the responsibilities and rights of all parties and their counsel in connection with Defense Liaison Counsel.

2. Consistent with the Defendants' agreement and the Receiver's request, the Court recognizes that Defense Liaison Counsel will serve as a point of contact and communications between the Receiver and counsel for all Defendants concerning the development of a discovery plan. Defense Liaison Counsel do not and will not represent any Defendant other than their own respective clients. Defense Liaison Counsel do not have authority to make commitments or decisions on behalf of any party other than their own clients.

3. Defense Liaison Counsel will prepare and present to the Receiver a draft discovery plan and Case Management Order that will reflect all Defendants' consensus and, where consensus is not possible, will note individual Defendant's objections. Defense Liaison Counsel will confer with Receiver's counsel on the draft discovery plan, with the aim of achieving agreement where possible and preserving objections where not. The existence of Defense Liaison Counsel will not prohibit any Defendant from addressing its objections individually with the Receiver or the Court.

4. Defense Liaison Counsel will present the status of their negotiations with the Receiver's counsel to the Court as appropriate, but if any Defendant wishes to present its own arguments, objections, concerns, or questions, it retains the right to do so.

---

shall no longer be expected to participate in joint defense counsel communications and/or communications with Defense Liaison Counsel.

5. Counsel for all parties remain entitled to participate in all hearings and conferences with the Court. All written communications with the Court will include copies to counsel for all parties.

6. Defense Liaison Counsel will undertake to keep all Defendants' counsel reasonably informed of proposed communications to the Receiver's counsel and of actual communications between Defense Liaison Counsel and the Receiver's counsel.

7. In order to facilitate the benefit of coordinating communications via Defense Liaison Counsel, this Order confirms that communications among counsel for Defendants related to these consolidated cases are protected from discovery under the common interest doctrine and the work product doctrine. Fed. R. Evid. 501; Miss. R. Evid. 502(b)(3); Fed. R. Civ. P. 26(b)(3). The content of such communications shall not be disclosed without the consent of the counsel who made the communication at issue, and shall not be subject to any inquiry or discovery. Neither Defense Liaison Counsel nor any other defense counsel is empowered to waive any privilege, claim or defense for any party other than counsel's own client. Nothing in this paragraph prevents counsel or clients from disclosing their own communications they have made to others. Nothing in this paragraph prevents counsel or clients from disclosing documents or information obtained from a source other than a communication made pursuant to this paragraph. Nothing in this paragraph shall limit or impair any privilege or protection that exists independent of this Order. A document shall not become or be deemed privileged or otherwise protected solely because it is the subject of or contained in a communication between defense counsel or between defense counsel and Defense Liaison Counsel. A document that is incorporated in or the subject of such a communication shall be privileged or otherwise protected only to the extent that it would be privileged or protected if it was not incorporated into or the subject of the communication.

8.   Either or both Defense Liaison Counsel may resign at any time without Court approval, in which case Defendants shall endeavor to agree upon a replacement as necessary.

**SO ORDERED** this  30th  day of  November, 2021.

                                                                   /s/ F. Keith Ball
                                                               Honorable F. Keith Ball
**SUBMITTED BY:**                                       UNITED STATES MAGISTRATE JUDGE

Kaytie M. Pickett (MS Bar 103202)
JONES WALKER LLP
190 East Capitol Street, Suite 800
Jackson, Mississippi 39205
Telephone: (601) 949-4900
Facsimile:  (601) 949-4804
kpickett@joneswalker.com
sbuchanan@joneswalker.com


William F. Ray (MSB No. 4654)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, Mississippi 39201
Post Office Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
Email: wray@watkinseager.com